# EXHIBIT A

# EXHIBIT A
(Complaint)

Electronically Filed
6/19/2020 2:40 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
PAUL R.M. CULLEN, ESQ.
Nevada Bar No. 12355
BERTOLDO BAKER CARTER & SMITH
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Phone: (702) 228-2600
Fax: (702) 228-2333
paul@nvlegaljustice.com
Attorneys for Plaintiff

CASE NO: A-20-816853-C
Department 13

# DISTRICT COURT

## CLARK COUNTY, NEVADA

* * *

| | |
|---|---|
| PRISCILLA JANE MOORE, individually, | CASE NO.: |
| Plaintiff, | DEPT. NO.: |
| vs. | **COMPLAINT** |
| COSTCO WHOLESALE CORPORATION, a foreign corporation; DOES 1 through 20, inclusive, and ROE BUSINESS ENTITIES 1 through 20, inclusive, | |
| Defendants. | |

COMES NOW the Plaintiff, PRISCILLA JANE MOORE ("MOORE"), by and through her attorneys of record, PAUL R.M. CULLEN, ESQ., of the law firm of BERTOLDO BAKER CARTER & SMITH, and for her claims of relief against the Defendants, and each of them, alleges and complains as follows:

1. This action involves two slip and falls at Costco Wholesale located at 6555 N. Decatur Blvd., Las Vegas, Nevada, 89131, the first occurring on or about July 2, 2018, in Clark County Nevada, the second occurring on or about April 30, 2019, in Clark County, Nevada, and is brought as one action pursuant to Kleitz v. Raskin, 738 P.2d 508 (1997).

2. Plaintiff MOORE was at all times pertinent hereto, and still is, a resident of Clark County, State of Nevada.

3. Upon information and belief, at all times herein mentioned, Defendant COSTCO WHOLESALE CORPORATION, ("COSTCO"), located at 6555 N. Decatur Boulevard, in Las Vegas, Nevada, was, and still is, a foreign corporation duly authorized, qualified and regularly conducting business within the County of Clark, State of Nevada.

4. Venue is proper here in that the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada, COSTCO, located at located at 6555 N. Decatur Blvd, Las Vegas, NV 89131, and this Court has subject matter jurisdiction pursuant to NRS 4.370(1), as the matter in controversy exceeds $75,000.00, exclusive of attorney's fees, interest, and costs.

5. That the true names and capacities of the Defendants ROE BUSINESS ENTITIES 1 through 20, inclusive, and DOES 1 through 20, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Defendants designated as DOES 1 through 20 and/or ROE BUSINESS ENTITIES 1 through 10 are owners, agents, employers, employees, lessors, lessees, successors and/or predecessors in interest, contractors, subcontractors, vendors, governmental entities or assigns of Defendants and each of them and/or ROE BUSINESS ENTITIES 11-20 or individuals or entities otherwise within possession and/or control of the business and/or premises herein alleged, including the maintenance, inspection, sweeping, keeping floors clean, safety and care of the business and/or premises as named herein. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a ROE BUSINESS ENTITY or a DOE is in some manner negligently, vicariously, strictly, contractually and/or statutorily responsible for the events and happenings referred to herein and caused damages directly and proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend this Complaint to insert the true names of such Defendants when the same has been ascertained.

6. All of the events which are complained of herein took place in the County of Clark, State of Nevada.

7. That at all times pertinent hereto, and particularly on or about July 2, 2018, and April 30, 2019, Defendants COSTCO WHOLESALE CORPORATION, ROE BUSINESS ENTITIES 1 through 20 and/or DOES 1 through 20, and each of them, owned, occupied, maintained and/or

otherwise were responsible for the interior walkway premises of a business and premises, in particular, the COSTCO, located at 6555 N. Decatur Blvd, Las Vegas, NV 89131, to include, but not limited to pedestrian walkways, aisleways or other walking areas within the Defendant's premises.

8. At all times herein mentioned, and particularly on or about July 2, 2018, Plaintiff MOORE was walking through said premises, located at 6555 N. Decatur Boulevard in Las Vegas, Nevada, as a guest and customer when she suddenly and without warning slipped and fell on a sticky, wet substance, causing her to suffer personal injuries and damages.

9. At said time and place, and particularly on or about July 2, 2018, Defendants, and each of them, had prior notice of the dangerous condition that existed on their premises.

10. At all times herein mentioned, and particularly on or about April 30, 2019, Plaintiff MOORE was walking through said premises, located at 6555 N. Decatur Boulevard in Las Vegas, Nevada, as a guest and customer when she suddenly and without warning slipped and fell on a large puddle of a wet substance, causing her to suffer personal injuries and damages.

11. At said time and place, and particularly on April 30, 2019, Defendants, and each of them, had prior notice of the dangerous condition that existed on their premises.

12. Defendants, and each of them, remain jointly and severally liable for their negligence, carelessness, and recklessness plead herein.

**FIRST CAUSE OF ACTION**
(Negligence, Defendants COSTCO WHOLESALE CORPORATION, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20)

13. Plaintiff realleges and repleads each and every allegation of the preceding paragraphs as fully set forth hereunder.

14. That on or about July 2, 2018, and on April 30, 2019, and at all times relevant hereto, Defendants COSTCO, DOES 1 through 20 and/or ROE BUSINESS ENTITIES 1 through 20 named herein, and each of them, through their employees, agents, or other (hereinafter referred to as "Defendants, and each of them"), through their acts and omissions, maintained, inspected and/or otherwise created and cared for the aforementioned walking surface or "walkway" of the premises in such a manner as to allow to exist an unreasonably dangerous condition for its guests to use

while walking in and around the shopping area, in particular a foreseeable slip hazard on the walkway's surface.

15. That at such time and place, Defendants, and each of them, through their employees, agents, or others were negligent, reckless and careless in creating and/or allowing to exist this unreasonably dangerous condition by failing to properly and safely inspect, maintain, otherwise care for the aforementioned walking surface and/or materials applied to the surface thereof, and by allowing the public and their guests to encounter this danger, in particular Plaintiff MOORE. Further, Defendants failed to prevent, avoid, correct, reduce, remove or otherwise properly respond to the danger or reasonably warn of the risk of harm posed thereby, all and each of which directly and proximately resulted in Plaintiff MOORE's injuries and damages.

16. That at such time and place, Defendants, and each of them, through their employees, agents, or others were negligent, reckless and careless in creating and/or allowing to exist said unreasonably dangerous condition by failing to properly and safely inspect, maintain, and/or otherwise care for the aforementioned walkway and/or materials applied to the surface thereof, and by allowing its guests and the public to encounter this danger, in particular Plaintiff MOORE. Further, Defendants failed to prevent, correct, reduce, remove or otherwise properly respond to the danger or reasonably warn of the risk of harm posed thereby, all and each of which directly and proximately resulted in Plaintiff MOORE's injuries and damages.

17. That at such time and place, Defendants, and each of them, through their employees, agents, or others knew or should have known of the unreasonably dangerous condition and the risk of harm posed thereby, at a time prior to Plaintiff MOORE's fall and injuries therefrom.

18. That Plaintiff MOORE had no actual or constructive knowledge of said unreasonably dangerous and unsafe condition existing on the premises.

19. The acts and omissions of Defendants, and each of them, through their employees, agents, or others to create, prevent, correct or remove the aforesaid dangerous and unsafe condition, or give adequate warning of the foreseeable risk of harm posed thereby, were breaches of the duty of reasonable care owed by the Defendants, and each of them, under the circumstances to persons

1  invited onto its premises, and in particular to Plaintiff MOORE, to keep their premises free from
2  unreasonably dangerous conditions.

3      20. That as a direct and proximate result of the Defendants', and each of their
4  negligence, carelessness and recklessness, through the acts and omissions of their employees,
5  agents, contractors or others, Plaintiff MOORE encountered said dangerous condition, fell and
6  sustained serious personal injuries and damages.

7      21. That as a direct and proximate result of the Defendants', and each of their
8  negligence, carelessness and recklessness, through the acts and omissions of their employees,
9  agents, contractors or others, Plaintiff MOORE was injured in her health, strength and activity,
10 sustaining shock and injury to her body and mind, all and each of which have caused, and will
11 continue to cause, Plaintiff MOORE physical, mental and emotional pain, suffering, disability, and
12 loss of enjoyment of life.

13     22. That as a direct and proximate result of the Defendants', and each of their,
14 negligence, carelessness and recklessness, through the acts and omissions of their employees,
15 agents, contractors or others, Plaintiff MOORE has incurred, and continues to incur, medical
16 expenses, including but not limited to, multiple surgeries, loss of income, and loss of earning
17 potential, all to Plaintiff MOORE's damages in an amount in excess of SEVENTY FIVE
18 THOUSAND DOLLARS ($75,000.00).

19     23. That as a direct and proximate result of the Defendants', and each of their,
20 negligence, carelessness and recklessness, through the acts and omissions of their employees,
21 agents, contractors or others, it has been necessary for Plaintiff MOORE to retain the law firm of
22 BERTOLDO BAKER CARTER & SMITH to prosecute this action, and Plaintiff are therefore
23 entitled to recover reasonable attorneys' fees and costs.

24 ///
25 ///
26 ///
27 ///
28 ///

## SECOND CAUSE OF ACTION
### Negligent Hiring, Training Supervision, and/or Retention of Defendants COSTCO WHOLESALE CORPORATION, DOES 1 through 20 and ROE BUSINESS ENTITIES 1 through 20

24. Plaintiff realleges and repleads each and every allegation of the preceding paragraphs as though fully set forth hereunder.

25. That on or about July 2, 2018, and on April 30, 2019, and at all times relevant hereto, Defendants, and each of them, had a duty, responsibility and obligation, carried out through the proper hiring, training, supervising, and retention of its employees, agents, contractors, assigns and others to inspect, maintain and/or otherwise reasonably care for the aforementioned walking surface of the premises located at 6555 N. Decatur Boulevard in Las Vegas, Nevada, and/or the particular area in which Plaintiff MOORE slipped and fell in such a manner so guests could safely enter, walk through and exit the shopping premises.

26. That on or about July 2, 2018, and on April 30, 2019, and at all times relevant hereto Defendants, and each of them, through their employees, agents, contractors, assigns or others, were negligent, careless and reckless by failing to properly hire, train, warn, instruct, supervise and/or retain its or others' employees, agents, contractors, assigns and/or others on the proper inspection, maintenance, and/or to otherwise reasonably care for the aforementioned walking surface of the Costco warehouse located at 6555 N. Decatur Boulevard in Las Vegas, Nevada in such a manner so guests could safely enter, walk through, use and exit the shopping premises, all and each of which directly and proximately caused Plaintiff MOORE slip and fall with the injuries and damages to Plaintiff MOORE alleged herein.

27. That as a direct and proximate result of the Defendants', and each of their, negligence, carelessness and recklessness, through the acts and omissions of their employees, agents, contractors or others, Plaintiff MOORE was injured in her health, strength and activity, sustaining shock and injury to her mind and body, all and each of which have caused, and will continue to cause, Plaintiff MOORE physical, mental and emotional pain, suffering, disability, and loss of enjoyment of life.

28. That as a direct and proximate result of the Defendants', and each of their, negligence, carelessness and recklessness, through the acts and omissions of their employees,

agents, contractors or others, Plaintiff MOORE has incurred, and continues to incur, medical expenses, loss of income, and loss of earning potential, all to Plaintiff MOORE's damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

29. That as a direct and proximate result of the Defendants', and each of their, negligence, carelessness and recklessness, through the acts and omissions of their employees, agents, contractors or others, it has been necessary for Plaintiff MOORE to retain the law firm of BERTOLDO BAKER CARTER & SMITH to prosecute this action, and Plaintiffs are therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

### FOR EACH AND EVERY CAUSE OF ACTION

1. For past and future general damages and loss in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00);

2. Special damages in an amount to be determined at time of trial;

3. Reasonable attorney fees, pre and post-judgment interest, and costs of suit; and

4. Such other and further relief as the Court may deem just and proper.

DATED this 19 day of June, 2020.

BERTOLDO BAKER CARTER & SMITH

PAUL R.M. CULLEN, ESQ.
Nevada Bar No. 12355
7408 West Sahara Avenue
Las Vegas, Nevada 89117
Attorneys for Plaintiff